11-2147-ag
Ng v. Holder

BIA
Chew, IJ
A094 894 625

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand fourteen.

PRESENT:

      ROSEMARY S. POOLER,
      PETER W. HALL,
      DEBRA ANN LIVINGSTON,
         Circuit Judges.

_____

PO SHING NG,
      *Petitioner*,

      v.                  11-2147
                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      John Chang, New York, NY.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Po Shing Ng, a native and citizen of the People's Republic of China, seeks review of a May 10, 2011 order of the BIA affirming the May 6, 2009 decision of Immigration Judge ("IJ") George T. Chew denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Po Shing Ng*, No. A094 894 625 (B.I.A. May 10, 2011), *aff'g* No. A094 894 625 (Immig. Ct. N.Y. City May 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Ng's testimony that he was beaten by a gang at school, which did not

include any details about his injuries and indicated that his parents did not think the beatings were serious, did not establish that he suffered past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (concluding that persecution requires that the harm suffered be sufficiently severe, rising above "mere harassment"); *see also Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in BIA's conclusion that alien failed to establish persecution when he was beaten prior to two days in detention and the injuries "required no formal medical attention and had no lasting physical effect").

The agency also reasonably concluded that Ng did not demonstrate a well-founded fear of future persecution at the hands of this gang because he testified that he was not harmed by the gang between 2003, when he left school, and 2007, when he left China.

Accordingly, we do not address Ng's argument that he was targeted by the gang on account of his membership in a protected social group because the agency reasonably concluded that he was not eligible for asylum or withholding of removal because he did not demonstrate past persecution

3

or a well-founded fear of future persecution.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  The pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4